Benjamin **DRANOW, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 17168.**

United States Court of Appeals
Eighth Circuit.

Dec. 6, 1962.

Jacques M. Schiffer, New York City, for appellant.

Hartley Nordin, Asst. U. S. Atty., Minneapolis, Minn., for appellee.

Before JOHNSEN, Chief Judge, and MATTHES and RIDGE, Circuit Judges.

PER CURIAM.

This appeal is one by Dranow from a judgment of conviction and sentence for income tax evasion, in which he has failed to file brief within our rule period and his employed counsel is now asking us to grant an extension to bridge the default.

We have not hesitated to grant extensions for the filing of briefs, on timely application and good cause shown. But it is not our practice to grant such extensions in criminal cases as a matter of course, particularly where the appellant is at liberty. Our rule 11(e), 28 U.S.C.A., expressly provides that, "When according to this rule an appellant in a criminal case is in default, his appeal may be summarily dismissed * * *".

Here, not even a semblance of cause is present as a basis for requesting us to exercise indulgence and excuse Dranow's

default. On the contrary, Dranow's default in filing brief has been occasioned by his election to disregard the courts and become a fugitive from justice, with the result, as the application for extension states, that his counsel "has been without direction or assistance from said defendant since that time".

Dranow became a fugitive from justice on October 17, 1962, in relation to a case pending against him for mail and wire fraud, which was then on the trial calendar of the District Court for the District of Minnesota. His abscondence apparently was related also to our affirmance on September 10, 1962, of a judgment of conviction and sentence against him in another criminal case, Dranow v. United States, 8 Cir., 307 F.2d 545, wherein our mandate requires him to surrender himself by December 16, 1962, for service of that sentence.

■ Thus, Dranow has attempted to disrupt generally the orderly processes of the law in their application to him. He has set out to prevent the courts from being able to exercise any command over him. In this situation, the request of his counsel, made during Dranow's status as a fugitive from justice, to have us not subject Dranow to the consequence of the default which he chose to occasion, is without any appeal. Nor does the fact that, since counsel's request was filed, the Federal Bureau of Investigation, as the result of a long and widespread search, has succeeded in apprehending Dranow, entitle his default to condonation, in view of its circumstances and the lack of any legal cause at the time for allowing it to occur. It is not in the interest of the administration of justice for a court to allow itself to be thus trifled with and then engage in a reward.

The application to relieve Dranow from the consequence of his unwarranted default under our rules will be denied, and the appeal will be dismissed for failure to have prosecuted it in accordance with our rules without cause.

Appeal dismissed.